UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTIN MILLER and CACHE MILLER,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE STATE OF IDAHO, ex rel., IDAHO TRANSPORTATION BOARD,<br><br>    Defendant. | Case No. 1:17-cv-00330-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. OVERVIEW

There are two pending motions in this matter. Pro se Plaintiffs Kristin and Cache Miller ("the Millers") filed a "Motion for Relief (i.e. Injunctive Relief)" on November 14, 2017. Dkt. 17. Defendant The State of Idaho, appearing on behalf of the Idaho Transportation Board ("the State"), filed a Motion for Judgment on the Pleadings on December 5, 2017. Dkt. 18. Having reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending Motions on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to GRANT the Motion for Judgment on the Pleadings. The Court also DENIES the Motion for Relief as moot.

MEMORANDUM DECISION AND ORDER – PAGE 1

## II. BACKGROUND

In May of 2012, the State served a complaint and summons on the Millers declaring that it was exercising its eminent domain powers to condemn a portion of property owned by the Millers in Eagle, Idaho.[1] *See State ex rel. Idaho Transp. Bd.*, No. CV-OC-2012-08146, at 1 (Idaho 4th Jud. Dist. Mar. 11, 2013).[2] The State was endeavoring to extend State Highway 16 from State Highway 44 to U.S. Highway 20-26 across the Boise River. *Id.* At the time, the Millers' property was accessible from both Highway 16 and Schultz Court. The State sought to condemn any access rights to the Millers' property from Highway 16. *Id.* The State also sought temporary easements across the property for construction purposes. *Id.* at 1-2.

At that time, the Millers were using the property, which consisted of three separate parcels of land (known as Parcels 42, 43, and 44), as an event venue. *Id.* at 4. The property had one building on it, which was located on Parcel 44. *Id.* The Millers used Parcels 42 and 43 for additional parking. *Id.*

The Millers did not respond to the complaint. Accordingly, on October 19, 2012, the Fourth Judicial District of the State of Idaho, in and for the County of Ada, entered

---

[1] The Millers state that the listed address of this property is 8377 Schultz Court, Eagle, Idaho.

[2] The Court takes judicial notice of all the state court documents cited in this case as they are matters of public record not subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). However, the Court notes that, in the future, any party asking the Court to take judicial notice of any records—whether they are public or not—should attach those records to their briefs in the appropriate manner.

default against the Millers.[3] *Id.* at 7. After the state court entered default, the only issue that remained was the amount of compensation the State owed the Millers for the taking. *Id.* at 7-8. The court held a hearing on this issue, and Cache Miller appeared on behalf of the Millers. *Id.* at 7. After an extensive analysis, on March 11, 2013, the court entered a Memorandum Decision and Order finding as follows:

> 1) The taking of the property involved was for a purpose and use authorized by law, namely the construction and/or maintenance of roads and by roads.
>
> 2) The takings made necessary for such use are appropriate to and necessary for such use.
>
> 3) That the complaint substantially complies with the requirements of section 7-707, Idaho Code.
>
> 4) That the amount needed to provide the condemnees' with just compensation for the taking in this case is . . . $381,721.64.

*Id.* at 18. The compensation included "costs of cure resulting from the taking," which included replacing the Millers' well, installing new fencing, and constructing a new gravel road to provide interconnectivity between the Parcels. *Id.* at 7. The court then entered final judgment in the case. The Millers did not appeal the decision and the State paid the Millers the awarded compensation.

In its decision on just compensation, the state court found it appropriate to treat Parcels 42, 43, and 44 "as a single unified parcel under common ownership of the

---

[3] Earlier, the same court entered default against three other defendants in the case. These defendants were an individual, Standford Watts, and two financial institutions: Mortgage Electronic Registration Systems, and Citibank, N.A., both of which held mortgages on portions of the Millers' property.

Millers" because, as of the date of the summons, May 4, 2012, that was the status of the Parcels. *Id.* at 13. In doing so, the state court rejected the Millers' argument "that because of a pending foreclosure involving one or more of the parcels, Parcel 44 must be considered to be a 'landlocked' parcel that the state [was] obliged to purchase outright." *Id.* At some point after the condemnation final judgment Parcels, 42 and 43 were foreclosed on and/or sold. As a result of these actions, the Millers no longer had road access to Parcel 44. The State's condemnation action had cut off their access to the Parcel via Highway 16 and the foreclosure/sale had cut off their access to the Parcel via Schultz Court. Parcel 44 was then land-locked.

The Millers were unable to sell or rent Parcel 44, so they began using it as their home. Dkt. 1 at 5. After the condemnation, the Millers did not have a replacement well installed, so the building does not have running water. Apparently, despite the condemnation, the Millers have continued to use Highway 16 to access their home. The Idaho Transportation Department has threatened (by letter and in person) to fence off this access to prevent the Millers from using it. *Id.*

The Millers filed this suit on August 8, 2017. They first allege that they did not receive just compensation for the taking of their property. They also allege that, by threatening to fence off the access to their property, the State is "deny[ing] the Millers residence/citizenship in Idaho," "deny[ing] the Millers their federal civil/constitutional rights in Idaho," and "depriv[ing] [the Millers] of housing, jobs, property, opportunities, hope, and good names." *Id.* On August 30, 2017, the State filed its Answer, in which it

asserted that it was immune from suit under the Eleventh Amendment to the U.S. Constitution and that the Millers' claims were barred by res judicata. Dkt. 4, at 3.

This case was originally assigned to Judge Ronald E. Bush. After an initial telephonic scheduling conference, Judge Bush issued a scheduling order. Judge Bush gave the parties until December 5, 2017, to file a motion for judgment on the pleadings or a motion for preliminary injunction. On November 15, 2017, the case was reassigned to the undersigned.

Both parties met the December 5 deadline set by Judge Bush. The Millers filed their Motion for Relief (Dkt. 17) on November 17, 2017, and the State filed its Motion for Judgment on the Pleadings (Dkt. 18) on December 5, 2017. The State also filed a Response to the Millers' Motion for Relief (Dkt. 19) on December 5, 2017. The Millers have neither filed a reply brief on their Motion for Relief nor a response to the State's Motion for Judgment on the Pleadings. The time has run for filing any addition briefing; therefore, these Motions are ripe for review.

### III. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. *United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be

false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Id.*

"When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.'" *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (citation omitted). "A court may take judicial notice of 'matters of public record,'" such as court documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. ANALYSIS

The State argues judgment on the pleadings is proper under the doctrine of res judicata. Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The State argues this suit is barred because the issues the Millers raise now were already addressed in the state court condemnation action. "Res judicata, also known as claim preclusion, applies only where there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917 (9th Cir. 2012) (citation omitted).

## A. An Identify of Claims

Courts consider four factors in determining whether there is an "identity of claims" between two actions:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 917-18 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982). All of these factors weigh in favor of finding an identity of claims in this case. The state court action and this action arise out of the same transactional nucleus of facts: the State's taking of portions of the Millers' property, namely their access rights via Highway 16. The Millers asserted the same rights in both actions: their right to just compensation and their right to access their land. The state court resolved both of these issues. The court determine the amount of compensation the Millers were entitled to and determined that the State's taking did not cause the Millers' property to be landlocked. Prosecuting this action would require reexamination of the same evidence presented in the state court action, and a ruling in the Millers' favor could destroy the condemnation final judgment the state court issued in 2013. If the Millers had an issue with the state court's decision, they should have appealed it through the proper channels. The Millers cannot now turn to this Court to undo this result. Accordingly, the Court finds there is an identity of claims here.

### B. A Final Judgment on the Merits

There is no question as to whether there was a final judgment on the merits in the state court action. The state court issued a final judgement on March 11, 2013, awarding the Millers $381,721.64 with interest at the judgment rate of 5.25% from May 4, 2012. *See* Final Judgment, *State ex rel. Idaho Trans. Bd.*, NO. CV-OC-2012-08146 (Idaho 4th Jud. Dist. Ada Mar. 11, 2013).

### C. Privity Between the Parties.

There is also no question as to whether there is privity between the parties in this action and the parties in the state court action. The parties in this case are identical to the parties in the state court action. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003).

Because all three res judicata elements are satisfied, the Court finds the Millers' action is barred by the doctrine of res judicata. *See id.* at 1084. Because the action is barred by res judicata, judgment on the pleadings is appropriate and necessary. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 715 (9th Cir. 2001) (affirming grant of motion for judgment on the pleadings because plaintiffs' claims were barred by res judicata).

# V. ORDER

THE COURT HEREBY ORDERS:

1. The State's Motion for Judgment on the Pleadings (Dkt. 18) is GRANTED.

2. The Millers' Motion for Relief (i.e. Injunctive Relief) (Dkt. 17) is DENIED AS MOOT.

3. The Court will enter judgment separately in accordance with Fed. R. Civ. P. 58.

DATED: January 18, 2018

David C. Nye
U.S. District Court Judge